**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1345**

RICHELLE D. WALLACE,

       Plaintiff - Appellant,

    v.

WAYNE MARCUS SCRIVEN,

       Movant - Appellee,

    and

CITY OF HAMPTON, a municipality and political subdivision of the Commonwealth of Virginia,

       Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:15-cv-00126-AWA-LRL)

Submitted:  September 27, 2018          Decided:  November 6, 2018

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded with instructions by unpublished per curiam opinion.

Richelle D. Wallace, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richelle D. Wallace appeals the district court's order awarding her former counsel, Wayne Scriven, $35,797.50, in attorney's fees for legal services Scriven performed while representing Wallace in her federal employment discrimination suit against the City of Hampton, Virginia ("City"). Scriven withdrew as Wallace's counsel after they fundamentally disagreed about the terms of the settlement agreement between Wallace and the City. Scriven contended that Wallace owed him one-third of the City's $100,000 settlement payment as an agreed-upon contingency fee. Wallace countered that Scriven had agreed to represent her in federal court for an up-front fee of $10,000 and that she owed him nothing more. The district court found that Wallace and Scriven did not enter a valid contract governing the payment of attorney's fees for representation in federal court but that Wallace owed Scriven attorney's fees based on quantum meruit. We grant Wallace's motion for leave to proceed in forma pauperis and affirm the district court's determination that Wallace owed Scriven $35,797.50 in attorney's fees on the basis of quantum meruit. We vacate the district court's determination that the $10,000 payment Wallace made to Scriven at the outset of the district court representation constituted a retainer fee rather than attorney's fees.

Under Virginia law, when there is no definite agreement between a lawyer and client fixing the terms of compensation for legal services, an attorney is entitled to recover the reasonable value of the legal services performed valued on quantum meruit.[*]

---

[*] Neither party contests that Virginia law governs the fee dispute.

*Campbell Cty. v. Howard*, 112 S.E. 876, 885 (Va. 1922); *see Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.*, 961 F.2d 489, 490-91 (4th Cir. 1992) ("Quantum meruit . . . is an equitable doctrine premised on the notion that one who benefits from the labor of another should not be unjustly enriched."). However, "[o]ne cannot obtain quantum meruit relief from another if he has expressly delineated the contractual obligations the two will have on the subject in question." *Raymond*, 961 F.2d at 491.

The district court did not err in determining that the parties did not contract for the payment of attorney's fees for representation in federal court. When Wallace first retained Scriven to represent her before the Equal Employment Opportunity Commission, she agreed in writing to pay Scriven a $5000 retainer fee plus one-third of any recovery. However, that agreement unambiguously stated that it only applied to representation before an administrative agency. *See Va. Elec. & Power Co. v. N. Va. Reg'l Park Auth.*, 618 S.E.2d 323, 326 (Va. 2005) ("Where an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." (brackets and internal quotation marks omitted)). As to Wallace's contention that Scriven agreed to represent her in federal court for a flat fee of $10,000, she points to no written agreement so providing. Moreover, in light of the previous fee agreement between Wallace and Scriven, the district court found it facially implausible that Scriven agreed that Wallace's $10,000 payment was a flat fee for the entire federal court representation. Because no valid agreement governed the payment of attorney's fees for representation in federal court, the district court properly looked to quantum meruit to determine the amount of Scriven's attorney's fees.

4

Applying the factors in *Howard*, 112 S.E. at 885, the district court found that, in the course of representing Wallace in federal court, Scriven performed legal services reasonably valued at $35,797.50. We review a district court's award of attorney's fees for abuse of discretion, *Legacy Data Access, Inc. v. Cadrillion, Inc.*, 889 F.3d 158, 168 (4th Cir. 2018), and we discern no such abuse of discretion here.

The district court also concluded, however, that Wallace's $10,000 payment to Scriven at the outset of the federal court representation was a retainer fee rather than attorney's fees; therefore, the district court did not credit that payment against Scriven's attorney's fees award. This conclusion appears to conflict with the district court's specific finding that Wallace and Scriven did not enter into a binding contract governing the terms of Scriven's compensation for representation in federal court. We therefore vacate this portion of the district court's order and remand with instructions for the district court to make specific factual findings regarding the nature of the $10,000 payment and whether it should be credited against Scriven's $35,797.50 attorney's fees award. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED WITH INSTRUCTIONS*

5